GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXXX

June 15, 1939

Honorable Walter C. Woodward
Life Insurance Commissioner and
Chairman of the Board
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-847
Re: Disposition of certain fees col-
lected under Article 3020, as
amended by the 46th Legislature,
S.B. No. 404.

We have for acknowledgment your letter of June 6th, 1939. It ap-
pears from your letter that Article 3920, as amended by the 46th Legis-
lature, in Senate Bill No. 404, provides for the collection of certain
fees by the Board of Insurance Commissioners, and until August 31, 1939,
appropriates such fees "to the use and benefit of the Board of Insurance
Commissioners to be used in the payment of salaries and other expenses
arising out of and in connection with the examination of insurance compan-
ies and/or the licensing of insurance companies and investigations of
violations of the Insurance Laws of this State."

You advise that the Board has several special funds out of which is
paid the cost of examination of insurance companies, certain expenses in
connection with licensing insurance companies, and the cost of investigat-
ing the violation of Insurance Laws, and you ask the opinion of this
Department upon the question whether the fees collected under Article 3920
may be deposited by the Board in any of these special funds decided upon
by it and disbursed from such special funds in carrying out the provisions
of the Article.

You are advised that it is the opinion of this Department that the
fees collected under Article 3920 should be deposited in a special fund to
be maintained for the purposes specified in Senate Bill No. 404, and that
moneys from this special fund may be transferred by the Board of Insurance
Commissioners from time to time, as in its discretion appears necessary,
to supplement the funds available in the other special funds maintained
for the purposes of defraying the cost of examination of insurance com-
panies, defraying the expenses in connection with licensing of insurance
companies, and defraying expenses incident to the investigation of the
violation of insurance laws.

So far as the use of these moneys to defray the expenses of exam-
ining insurance companies is concerned, it does not appear that it is the
intention of the Legislature to amend Article 4690, as amended, so as to
relieve the insurance companies examined, to the extent of the fees

Honorable Walter C. Woodward, Page 2 (0-847)


available under Article 3920, from the payment of assessments for the expenses of examinations sufficient to meet all of the expenses and disbursements necessary to comply with the provisions of the laws of Texas relating to such examinations of insurance companies. It would therefore seem that the use of the fees under Article 3920 should be limited to expenses not properly chargeable to and collectible from insurance companies by assessment under the provisions of Article 4690.

This is not to say that the fees collected under Article 3920 may not be used for the purpose of defraying examination expense, but merely to require that the use of such fees collected under and by virtue of Article 3920 shall not relieve the insurance company from the duty of reimbursing the fund by the assessment required to be levied and collected by Article 4690.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R.W. Fairchild

R. W. Fairchild
Assistant

RWF:PBP:egw

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By C O B
Chairman